UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**CENTRAL BAPTIST CHURCH OF LONG BEACH, MS.**          **PLAINTIFF**


**V.**                                    **CIVIL ACTION NO. 1:06CV51 LTS-RHW**


**KEN BRADY;**
**CORPORATE INSURANCE GROUP, LLC; and**
**ASSURANCE COMPANY OF AMERICA**                      **DEFENDANTS**


## ORDER

The Court has before it the alternative motions of Defendant Assurance Company of America (Assurance) to dismiss the complaint under F.R.Civ.P. 12 or for a more definite statement of the plaintiff's claim against it.

I have reviewed the complaint, and I find that Assurance's motion for a more definite statement is well taken, and it will be granted. The alternative motion to dismiss will be held in abeyance pending the filing of the amended complaint.

In its complaint, Plaintiff Central Baptist Church of Long Beach, Mississippi, (CBC) alleges that Defendant Ken Brady (Brady) acting as the agent for Defendant Corporate Insurance Group, LLC, (CIG) persuaded CBC's administration to replace certain property insurance written by Mississippi Farm Bureau Insurance Company (Farm Bureau) with coverage provided by Assurance. CBC alleges that Brady agreed to secure replacement coverage that was equivalent to the coverage provided by the Farm Bureau policy. The Farm Bureau policy is alleged to have provided coverage for wind damage. The Assurance policy appears to exclude wind damage from coverage. The complaint recites that a copy of the Assurance policy is attached as Exhibit 1 to the complaint, but there is no such exhibit. (Complaint Paragraph 8)

CBC has charged Brady and his principal, CIG, with "negligence, gross negligence, breach of contract, and tortuous breach of contract." (Complaint Paragraph 14)  CBC has charged Assurance with no misconduct.

CBC has ostensibly joined Assurance "as a necessary party under Rule 19 of the Federal Rules of Civil Procedure." (Complaint Paragraph 5)  Based on the allegations of the original complaint, it does not appear to me that Assurance fits within the definition of a party who is needed for a just adjudication under F.R.Civ.P. 19.

I will afford CBC a fair opportunity to amend its complaint to provide a more definite statement of its claim, if any, against Assurance or to state the facts it deems necessary to justify the inclusion of Assurance as a party to this litigation under F.R.Civ.P. 19, and I will hold Assurance's motion to dismiss in abeyance pending the filing of CBC's amended complaint.

Accordingly, it is

**ORDERED**

That the alternative motions of Defendant Assurance Company of America to dismiss the complaint or for a more definite statement [12] is hereby **GRANTED IN PART**.  Plaintiff Central Baptist Church of Long Beach, Mississippi, shall, within thirty days of the date of this order, amend its complaint to provide a more definite statement of its claim, if any, against Defendant Assurance Company of America or to the state facts it deems necessary to justify the inclusion of Assurance Company of America as a party to this litigation under F.R.Civ.P. 19.

That Defendant Assurance Company of America's alternative motion to dismiss [12] shall be **HELD IN ABEYANCE** pending the filing of the amended complaint.

**SO ORDERED** this 11th day of May, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge